UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| DAVID ATREYEL CAVINESS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 18-427-JMH |
| | ) | |
| v. | ) | |
| | ) | |
| LEXINGTON-FAYETTE URBAN | ) | **MEMORANDUM OPINION** |
| COUNTY GOVERNMENT, ET AL., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

David Atreyel Caviness is an inmate at the Fayette County Detention Center (FCDC) in Lexington, Kentucky. Proceeding without a lawyer, Caviness filed a civil rights action with this Court pursuant to 42 U.S.C. § 1983. [R. 1]. For the reasons set forth below, the Court will dismiss this action.

I.

Caviness alleges that, on March 18, 2018, he slipped and fell on a wet floor at the FCDC. Caviness says that when he fell, he hit his head and also landed awkwardly, resulting in severe back pain. Caviness claims that Charge Nurse Keith Gast "briefly evaluated" him and had him "stand and take a few steps" before clearing him. Caviness claims that "no further action was taken" at that time. [R. 1 at 2].

Caviness says that he woke up the next day with severe pain in his lower back and asked Nurse Amy Hunt if he could see the

jail's medical staff. According to Caviness, Nurse Hunt told him that he "would be seen for a follow up." [R. 1 at 2].

Caviness, however, claims that, as of May 1, 2018, he had not been "examined more extensively or properly treated." Caviness also says that, on that date, he filed "a grievance in reference to the non-use of wet floor signs" and because officials had not yet "followed up in regards to [his] complaint of injury and pain." [R. 1 at 3].

That said, Caviness alleges that, on May 15, 2018, he "was seen by Dr. Welling and Kristen Fryman," who allegedly denied being previously aware of Caviness's injuries. Still, Caviness says that Welling and Fryman ordered him an x-ray, which was performed by an x-ray technician. [R. 1 at 3].

Caviness then says that, on May 23, 2018, he "was seen by Dr. Q. Moore" and, at that time, became fully aware of his injuries, including "mild facet arthropathy, bony foraminal narrowing at L5-S1, [and] possible lumbarization of S1." Caviness suggests that another doctor then ordered him a CT scan. [R. 1 at 3].

Finally, Caviness states that, on June 7, 2018, he asked an official whether there was "a policy in place for wet floors." According to Caviness, that person suggested, among other things, that officers might "place signs in wet areas" or "verbally state that floors are wet." [R. 1 at 3].

After setting forth the foregoing allegations, Caviness lists five different defendants in his complaint, and he states a specific claim against each defendant. [R. 1 at 4].

First, Caviness sues Correctional Officer Ryan Proctor and claims that Proctor "failed to instruct" someone else "to place wet floor signs, mop buckets, or verbally announce the condition of [the] wet floor, which directly led to my injury." [R. 1 at 4].

Second, Caviness sues Charge Nurse Keith Gast and claims that Gast failed to properly evaluate him. Caviness also says that Gast failed to "place me on a follow list, which led me to be denied adequate medical care for 63 days before x-ray[s], which caused my injuries to still be untreated." [R. 1 at 4].

Third, Caviness sues Steve Haney, the Director of the FCDC, and claims that since Haney "employs Proctor and Gast," he "failed to create a safe environment and follow policy put in place to protect inmates." [R. 1 at 4].

Fourth, Caviness sues the Lexington-Fayette Urban County Government (LFUCG) and claims simply that "LFUCG employs Proctor and Haney." [R. 1 at 4].

Fifth, Caviness sues Corizon Health, Inc., but he only says, "Corizon employs Keith Gast." [R. 1 at 4].

Then, instead of clearly identifying which laws each defendant allegedly violated, Caviness claims that the defendants

collectively violated his rights under the Eighth and Fourteenth Amendments to the federal constitution by creating an "unsafe environment when Officer Proctor failed to have wet floor signs placed in unit," providing "inadequate medical care," and "breach[ing] [their] duty to protect" him. [R. 1 at 5].

II.

This matter is now before the Court on initial screening. *See* 28 U.S.C. §§ 1915(e)(2), 1915A. Pursuant to these provisions, this Court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See id.*

As drafted, Caviness's federal claims must be dismissed for failure to state a claim upon which relief may be granted. With respect to Caviness's federal claims against FCDC Director Steve Haney, Caviness does not allege that Haney was personally involved in the incidents in question and, ultimately, "§ 1983 liability must be based on more than respondeat superior, or the right to control employees." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Therefore, the Court will dismiss Caviness's federal claims against Haney.

With respect to Caviness's federal claims against LFUCG and Corizon Health, Inc., Caviness simply states that these entities employ some of the other defendants. However, LFUCG and Corizon

4

may not be liable merely because they employ certain individuals; instead, those individuals' actions must have been directly attributable to a policy or custom of their employer. *See Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005) (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978); *see also Anderson v. Ballard*, No. 3:17-cv-026-GFVT (E.D. Ky. March 16, 2018) (citing *Thomas v. Coble*, 55 F. App'x 748, 749 (6th Cir. 2003)). Here, Caviness makes no such allegation against LFUCG or Corizon. As a result, the Court will dismiss Caviness's federal claims against these entities.

Caviness has also failed to state a viable federal claim against Correctional Officer Ryan Proctor, the person Caviness claims was responsible for the wet floor in the first place. Although Caviness argues that Proctor ran afoul of his rights under the constitution, he simply has not alleged the kind of intentional conduct that would give rise to such a claim. *See, e.g., Daniels v. Williams*, 474 U.S. 327, 330-34 (1986). Thus, the Court will dismiss Caviness's federal claims against Proctor.

Finally, Caviness has also failed to state a viable federal claim against Charge Nurse Keith Gast. While Caviness claims that Gast failed to "properly" evaluate him [R. 1 at 4], he acknowledges that Gast provided him with medical attention. Indeed, Caviness specifically states that, on the day he slipped and fell, Gast "briefly evaluated" him and had him "stand and take a few steps"

5

before clearing him. [R. 1 at 2]. Thus, it is clear that Caviness's real dispute is over the adequacy of the treatment he received. The United States Court of Appeals for the Sixth Circuit, however, has recognized that "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in state tort law." *Graham ex rel. Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004) (quoting *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976)). Similarly, the Sixth Circuit has repeatedly recognized that a mere disagreement over medical treatment does not give rise to a constitutional claim of deliberate indifference. *See, e.g., Wright v. Sapp*, 59 F. App'x 799, 801 (6th Cir. 2003); *Simpson v. Ameji*, 57 F. App'x 238, 239 (6th Cir. 2003).

To be sure, Caviness also blames Gast for the alleged delay in his treatment. [R. 1 at 4]. But, again, Caviness acknowledges that Gast evaluated him shortly after he fell, and he also makes it clear that, the very next day, he interacted with another Nurse, Amy Hunt. [R. 1 at 2]. Caviness then indicates that it was *that* nurse, not Gast, who suggested he "would be seen for a follow up." [R. 1 at 2]. Thus, even if there was a delay in his treatment, Caviness's own complaint indicates that the delay was not attributable to Gast. Plus, Caviness does not even allege, in any

6

clear way, that Gast acted with the kind of culpable mental state that would be needed to make out a claim of deliberate indifference. For all of these reasons, the Court will dismiss Caviness's federal claims against Gast.

III.

In conclusion, Caviness has not stated viable federal claims against the defendants. That said, to the extent that Caviness is also trying to assert state law claims against the defendants, the Court simply declines to exercise supplemental jurisdiction over those claims. That is because the Court has dismissed all of Caviness's federal claims and has determined that the balance of judicial economy, convenience, fairness, and comity all point toward declining jurisdiction over those state law claims. *See* 28 U.S.C. § 1367(c)(3). Ultimately, this means that Caviness is welcome to file a lawsuit against the defendants in state court, if he so chooses.

Accordingly, it is **ORDERED** as follows:

1. Caviness's federal claims against the defendants are **DISMISSED** with prejudice;
2. To the extent that Caviness is also trying to assert state law claims against the defendants, those claims are **DISMISSED** without prejudice. This means that Caviness can pursue those claims in state court, if he so chooses.

3. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

4. A corresponding Judgment will be entered this date.

This 17th day of July, 2018.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge